DECISION AND JUDGMENT ENTRY
Chris Kuntz appeals his conviction by the Ross County Court of Common Pleas for possession of marijuana, a violation of R.C. 2925.11. He argues that his conviction is against the manifest weight of the evidence. We disagree because we find, upon a thorough review of the record, that the trial court did not clearly lose its way in resolving conflicts in the evidence. Accordingly, we affirm the judgment of the trial court.
 I.
The grand jury indicted Kuntz with possession of marijuana weighing over two hundred grams but less than one thousand grams, a violation of R.C. 2925.11. Kuntz pled not guilty and eventually waived his right to a jury trial. At the trial to the court, the parties stipulated that Kuntz knowingly obtained, possessed or used marijuana, a schedule one controlled substance, in Ross County. The parties further stipulated that the marijuana present in the courtroom was the same marijuana Kuntz possessed and that the police maintained the chain of custody. Thus, the only element of the offense left for the trial court to determine was the weight of the marijuana.
The only witness to testify at the trial was Chillicothe Police Officer Dana Cousins. He testified that he has been the "marijuana tester" for the Chillicothe Police Department and the Ross County Sheriff's Department since 1991. He received training from the Ohio State Patrol Academy and from the London Police Officer's Academy in the identification and weighing of marijuana. He explained, in detail, the extent of this training. Cousins testified that he has qualified as an expert in the analysis and weighing of marijuana well over thirty times. He explained that he analyzes marijuana as a regular part of his duties.
Cousins testified that on July 21, 2000, he analyzed and weighed the substance seized from Kuntz. He explained in detail how he concluded the substance was marijuana. Once he made this conclusion, he weighed the marijuana. Cousins testified that he used a digital scale to do so. Once he zeroed the scale, Cousins placed a metal bowl on the scale. The scale indicated that the bowl weighed 128.56 grams. According to Cousins, the scale consistently calculates the weight of the metal bowl, i.e., that it always weighs within one hundredth of a gram of 128.56 grams. Once he weighed the bowl, he zeroed the scale and removed the bowl. Cousins then placed the marijuana in the bowl and put the bowl back onto the scale. The scale indicated that the marijuana seized from Kuntz weighed 207.64 grams. Cousins testified that he concluded that the marijuana indeed weighed 207.64 grams.
On cross-examination, Cousins identified the scale he used to weigh the marijuana as the one he brought with him to court. He testified that he had used this scale since 1994. Cousins was unaware of any records kept on the calibration of the scale and, as far as he knew, the scale had never been calibrated.
Cousins then attempted to weigh the marijuana in the courtroom, but was unable to do so because of the conditions in the courtroom. The trial court then reconvened court at the Law Enforcement Complex, where, Cousins weighed the marijuana as 193.79 grams. The parties then returned to the courtroom. Cousins again explained that the scale consistently calculated the weight of the bowl within one hundredth of a gram. He testified that the bag used to store the marijuana was sealed but was not airtight enough to prevent desiccation of the marijuana. He testified that the marijuana loses weight as time passes and it continues to dry out. He opined that the marijuana weighed 207.64 grams on July 21, 2000.
One week later, the trial court announced its decision. The court found that the relevant weight of the marijuana was its weight at the time of the offense and found Kuntz guilty. The trial court sentenced Kuntz accordingly. Kuntz appeals and assigns the following error:
 I. The verdict of the trial court was against the manifest weight of the evidence.
 II.
In his only assignment of error, Kuntz argues that his conviction is against the manifest weight of the evidence. He asserts that the questions surrounding the accuracy of the scale call into question the actual weight of the marijuana seized from him.
In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. In making such a determination, we sit as a thirteenth juror. Thompkins at 387, citingTibbs v. Florida (1982), 457 U.S. 31, 42. However, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Thompkins at 387, quoting Martin at 172.
After thoroughly reviewing the record, including the transcripts and exhibits, we cannot conclude that the trial court clearly lost its way and created a manifest miscarriage of justice in resolving conflicts in the evidence. The trial court, as the trier of fact, was in the best position to judge the credibility of Cousins' assertion that the marijuana weighed over two hundred grams in July 2000 and that marijuana loses weight as time passes and it dries out. We note that Kuntz's arguments regarding the accuracy of the scale concern not the admissibility of the evidence, but its relative importance or value. Kuntz did not object to the admissibility of Cousins' testimony concerning the weight of the marijuana in July 2000. That the identical scale weighed the marijuana at issue as over two hundred grams in July 2000 and under two hundred grams in February 2001 certainly calls the reliability and accuracy of the scale into question absent a change in the composition of the marijuana. Cousins' testimony that as time passes the marijuana loses weight due to desiccation is an alternate explanation to the theory that the scale is inaccurate or unreliable. We cannot conclude that the trial court clearly lost its way in resolving this conflict in the evidence. Accordingly, we find that Kuntz' conviction is not against the manifest weight of the evidence, overrule his only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, P.J. Concur in Judgment and Opinion.
 _____________________ Roger L. Kline, Judge